UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GENTRY DILLWORTH | ) | CASE NO. |
| 1103 S. Market | ) | |
| Canton, OH 44707 | ) | JUDGE |
| | ) | |
| on behalf of himself and all others | ) | MAGISTRATE JUDGE |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CASE FARMS PROCESSING, INC. | ) | |
| c/o James D. Carney | ) | |
| 2001 Crocker Road, Suite 440 | ) | |
| Westlake, OH 44145 | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**
**(With Jury Demand)**

Now comes Plaintiff, Gentry Dillworth, by and through counsel, and for a Complaint against Defendant Case Farms Processing, Inc. ("Case Farms"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt, hourly employees, including Plaintiff, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff and other similarly-situated employees were employed by Defendant as non-exempt, hourly, poultry processors.  In violation of the FLSA, Defendant: 1) failed to pay Plaintiff and other similarly-situated poultry processors for time spent donning and doffing their uniforms, hair coverings, and applicable personal protective equipment at work; and 2)

failed to pay Plaintiff and other similarly-situated poultry processors for postdonning and predoffing walk time.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and resident of Stark County, Ohio.

6. At all times relevant herein, Plaintiff was employed by Defendant as a non-exempt, hourly employee, and was an employee within the meaning of 29 U.S.C. § 203(e).

7. At times relevant herein, Defendant conducted business in Ohio and North Carolina.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count I, as and when executed by other

individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Plaintiff Gentry Dillworth was employed by Defendant as a poultry processor between approximately June, 2007 and November, 2007. Plaintiff was employed in Defendant's poultry processing plant in Winesburg, Ohio.

14. Other similarly-situated production employees are and were employed as poultry processors in Defendant's poultry processing plant in Winesburg, Ohio, as well as in Defendant's other poultry processing plants in Goldsboro and Morganton, North Carolina.

15. Defendant operates hatcheries and feed mills, in addition to the processing plants located in North Carolina and Ohio. It processes approximately 1.6 million chickens per week and produces in excess of 500 million pounds of fresh, partially cooked, and frozen-for-export poultry products.

### Failure to pay production employees for donning time

16. Before Plaintiff and other similarly-situated poultry processors began their shifts, they donned uniforms (e.g., pants, shirts, smocks, etc.), hair coverings (e.g., hairnets, beard guards, etc.), and applicable personal protective equipment (e.g., steel-toed shoes, bump caps, hearing protection, hardhats, etc.).

17. The time Plaintiff and other similarly-situated poultry processors spent donning their uniforms, hair coverings, and applicable personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

18. Plaintiff and other similarly-situated poultry processors were not paid for time spent donning their uniforms, hair coverings, and applicable personal protective equipment.

### **Failure to pay production employees for postdonning walk time**

19. After donning their uniforms, hair coverings, and applicable personal protective equipment, Plaintiff and other similarly-situated poultry processors walked from where they changed to the processing floor, where they were clocked in by their supervisor. Such time constitutes "postdonning walk time."

20. Plaintiff and other similarly-situated production employees were not paid for their postdonning walk time.

### **Failure to pay production employees for predoffing walk time**

21. At the end of their shift, Plaintiff and other similarly-situated poultry processors were clocked out by their supervisor upon leaving the processing floor.

22. After they were clocked out by their supervisor, Plaintiff and other similarly-situated poultry processors walked from the processing floor to the area where they doffed their uniforms, hair coverings, and applicable personal protective equipment. Such time constitutes "predoffing walk time."

23. Plaintiff and other similarly-situated production employees were not paid for their predoffing walk time.

### **Failure to pay production employees for doffing time**

24. At the end of their shift, Plaintiff and other similarly-situated poultry processors doffed their uniforms, hair coverings, and applicable personal protective equipment.

25. The time Plaintiff and other similarly-situated poultry processors spent doffing their uniforms, hair coverings, and applicable personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

26. Plaintiff and other similarly-situated poultry processors were not paid for time

spent doffing their uniforms, hair coverings, and applicable personal protective equipment.

### **Failure to pay overtime to production employees**

27.    As a result of Plaintiff and other similarly-situated poultry processors not being paid for all hours worked, Plaintiff and other similarly-situated poultry processors were not paid overtime compensation for all hours worked over 40 in a workweek.

### **Failure to keep accurate records**

28.    Upon information and belief, Defendant has failed to make, keep and preserve records of all of the hours worked by Plaintiff and other similarly-situated poultry processors.

29.    Upon information and belief, as a result of Defendant's practices and polices of clocking in Plaintiff and other similarly-situated poultry processors after their donning and postdonning walk time, and clocking out before their doffing and predoffing walk time, this work performed by Plaintiff and other similarly-situated poultry processors is unrecorded in Defendant's time and earnings records.

### **COLLECTIVE ACTION ALLEGATIONS**

30.    Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

31.    The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current poultry processors of Case Farms Processing, Inc. nationwide, who at any time between July 15, 2005 and the present, were not paid for donning/doffing and postdonning/predoffing walk time.

32.    Plaintiff is unable to state at this time the exact size of the potential class, but

5

upon information and belief, avers that it consists of no less than one thousand persons.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of his interests as well as his own in bringing this action.

34. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Defendant's practice and policy of not paying Plaintiff and other similarly-situated poultry processors for time spent donning and doffing their uniforms, hair coverings, and applicable personal protective equipment at work violated the FLSA, 29 CFR § 785.24.

37. Defendant's practice and policy of not paying Plaintiff and similarly-situated poultry processors for postdonning and predoffing walk time violated the FLSA, 29 U.S.C. § 206.

38. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at a rate of one and one-half times their regular rate

of pay for the hours they worked over 40 in a workweek violated the FLSA, 29 U.S.C. § 207.

39. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

40. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

41. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Grant Plaintiff and the class he represents a permanent injunction enjoining Defendant, its agents, successors, employees, and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures that violate the FLSA;

D. Grant Plaintiff and the class he represents a "prospective injunction" enjoining Defendant, its agents, successors, employees, and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures that violate the record-keeping requirements of the FLSA;

E. Award Plaintiff and the class he represents actual damages for unpaid wages

and liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and the class;

F.  Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

G.  Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

H.  Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**       **THE LAZZARO LAW FIRM, LLC**

 /s/ Jason R. Bristol                                    /s/ Anthony J. Lazzaro
Jason R. Bristol (0072989)                          Anthony J. Lazzaro (0077962)
jbristol@crklaw.com                                   anthony@lazzarolawfirm.com
The Hoyt Block Building – Suite 400          920 Rockefeller Building
700 West St. Clair Avenue                          614 W. Superior Avenue
Cleveland, Ohio 44113                               Cleveland, Ohio 44113
216-781-7956 [Telephone]                         216-696-5000 [Telephone]
216-781-8061 [Facsimile]                           216-696-7005 [Facsimile]

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff